CONAGRA, INC., Plaintiff,

v.

ARKWRIGHT MUTUAL INSURANCE CO. and The Hobbs Group, Inc., Defendants.

No. 95 C 3738.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 8, 1999.

Gerald G. Saltarelli, Michael A. Stick, Peter G. Land, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, Jill Arlene Dougherty, Richard H. Ferri, John Carmen Sciaccotta, Kelly, Olson, Rogan and Siepker, Chicago, IL, Pamela K. Black, McGrath, North, Mullin & Kratz, John E. North, Jr., McGrath, North, Mullin & Kratz, Omaha, NE, for Conagra, Inc.

Mark J. Feinberg, Dale I. Larson, Terese S. Wallschlaeger, Kathryn M.Walker, Zelle & Larson, Minneapolis, MN, Larry S. Kaplan, Kaplan, Jeffrey Eric Margulis, Begy & von Ohlen, Chicago, IL, Jeffrey Mark Rubin, Neal Jeffrey Moglin, Lovell, White & Durrant, Chicago, IL, for Arkwright Mutual Ins. Co.

David M. Agnew, Lord, Bissell & Brook, Chicago, IL, Bennett Ray Heller, Jerry L. McDowell, Loren Scott Cohen, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL, Philip J. Walsh, Steven L. Young, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for the Hobbs Group, Inc.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

At issue before the court is Plaintiff ConAgra Inc.'s ("ConAgra") Renewed Motion to Compel discovery of certain documents withheld from production[1] by Defendant Arkwright Mutual Insurance Company ("Arkwright").[2] For the reasons stated below, Plaintiff's Motion is granted.

### FACTUAL BACKGROUND

ConAgra alleges that pursuant to a proposal presented to ConAgra by Arkwright, Arkwright agreed to insure all of ConAgra's property for a five-year period commencing June 1, 1989. (Pl. Mot. at 1.) ConAgra further alleges that on December 28, 1991, a fire began in an underground public refrigerated warehouse operated by Americold Corporation ("the Americold Facility") and used by

---

1. At issue are fifty-four documents withheld from production, plus ten documents produced in redacted form.

2. This action was initially filed in the Superior Court of Commonwealth of Massachusetts and refiled in this forum as a result of Arkwright's Motion to Dismiss on the basis of *forum non conveniens*. Pursuant to the order of the Massachusetts Court, discovery conducted during the time the action was pending in Massachusetts could be used to the same extent in any subsequent forum as it could have been used in Massachusetts. Prior to the stay of the action in Massachusetts and the refiling of the action in this forum, certain discovery had been conducted and pursuant to the stipulation of the parties, a Discovery Master had been appointed to resolve discovery disputes.

ConAgra and its subsidiaries, among others, as an outside warehouse. *Id.* On March 16, 1992, a fire occurred at another public refrigerated warehouse facility operated by United Refrigerator Services ("the Marshall Facility"), which was used by ConAgra and its subsidiaries as an outside warehouse. *Id.* As a result of these two fires, ConAgra sustained losses at both the Americold Facility and the Marshall Facility, and ConAgra filed its Proof of Loss with Arkwright. *Id.* Arkwright denied ConAgra's insurance claims on October 29, 1992. *Id.* at 2.

The Discovery Master previously held that documents created prior to October 29, 1992 could not be withheld on the basis of work product. However, the Discovery Master found that whether those documents were discoverable, or protected under the attorney-client privilege, would have to be resolved after additional facts could be presented. *Id.* ConAgra has renewed its Motion to Compel with respect to these documents for which decision was withheld by the Discovery Master.

## ANALYSIS

The central dispute between the parties surrounds whether the documents requested by ConAgra are protected by the attorney-client privilege.[3] "The attorney-client privilege is designed to protect from discovery documents which reflect communications between a client and his attorney, because such communications might contain confidential information about the client." *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 152 F.R.D. 132, 137 (N.D.Ill.1993). "The privilege applies to communications both by a client to a lawyer and from a lawyer to a client. (citation omitted) But the legal advice given to the client must be the predominant

element in the communication; the privilege will not apply where the legal advice is incidental to business advice. As a result, where documents or conversations are created pursuant to business matters, they must be disclosed." *Id. See also, Allendale,* 152 F.R.D. at 137; *United States v. Defazio,* 899 F.2d 626, 635 (7th Cir.1990); *United States v. International Business Machines Corp.,* 66 F.R.D. 206, 212 (S.D.N.Y.1974).

ConAgra initially argues that the documents at issue are not protected by the attorney-client privilege because of the convoluted manner in which relevant facts were gathered, memorialized and conveyed to Arkwright. Wayne Klocko, the author of the letter denying ConAgra's proof of loss, decided to hire Mark Feinberg, an attorney, with respect to the Americold loss. Mr. Feinberg was hired as "coverage counsel" with respect to the Americold loss, he participated jointly with Mr. Klocko at all interviews of fact witnesses in regards to the loss and he conducted the examinations under oath of ConAgra personnel.[4] (Pl. Mot. at 7.) As a matter of practice, Mr. Klocko does not memorialize anything concerning his investigation of a loss. *Id.* Consistent with this practice, there are no documents other than those authored by Mr. Feinberg which contained the results of the factual investigation which Arkwright was obligated to make into the claims of ConAgra, or its decision to deny those claims. *Id.* According to ConAgra, the documents prepared by Mr. Feinberg in which Mr. Klocko's factual investigation and conclusions were memorialized were in the form of letters prepared by Mr. Feinberg, sent to Mr. Hachenburg, the general counsel of Factory Mutual[5], and then distributed to persons within the Arkwright organization. *Id.*

---

3. It is undisputed herein that a claim for attorney-client privilege in a diversity case, as here, is governed by the law of the forum in which the count sits, (here Illinois). *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 152 F.R.D. 132, 140 (N.D.Ill.1993.) *See also,* FED.R.EVID. 501 (which says that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness...shall be determined in accordance with State law."); *Pyramid Controls, Inc. v. Siemens Industrial Automations, Inc.,* 176 F.R.D. 269 (N.D.Ill.1997); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1097 (7th Cir.1987).

4. Feinberg appears to have been hired only two months after the fire at the Americold Facility began, five months before ConAgra submitted its Proof of Loss, and eight months prior to Arkwright's denial of the Proof of Loss.

5. Mr. Klocko is an employee of Factory Mutual Engineering Association, which is a separate organization to which Arkwright delegates the task of adjusting losses suffered by its insureds. Mr. Klocko and Mr. Hachenburg share responsibility for keeping Arkwright informed with respect to such matters. (Pl. Mot. at 6–7.)

ConAgra claims that the manner in which Arkwright filters all facts and decisions only through documents authored by an attorney and asserts privilege with respect to almost every document involving its investigation is clearly an effort to keep relevant information from scrutiny. *Id.* at 9. ConAgra contends that the withheld documents fall into four categories: the first category includes documents generated by Arkwright counsel to memorialize and communicate the facts discovered by Mr. Klocko in his investigation and the conclusions that Mr. Klocko drew; the second category includes documents generated during the investigation of ConAgra's claim that were sent by or received by Mr. Feinberg to and from numerous persons within the Arkwright and Factory Mutual organizations; the third category includes documents created by Arkwright outside counsel or sent to him during the course of Arkwright's investigation of ConAgra's claims; the fourth category includes documents that were not even sent to or generated by an attorney except for two, which were copied to an attorney. (*See* Pl. Mot. Ex. 6.)

ConAgra also puts forward that under Illinois law communications between an attorney and employees of a corporation are privileged only if employees are members of the corporation's "control group."

> ...an overly-broad attorney-client privilege has the potential "to insulate so much material from the truth-seeking process...that the privilege ought to be limited for the corporate client to the extent reasonably necessary to achieve its purpose." Under the "control group" test, the corporate client must show that the communication originated from an employee in a position to control the decision-making process of the corporation (citation omitted) There are two categories of corporate employees whose communications are protected: (1) the decision-makers, or top management; and (2) those employees who directly advise top management, and upon whose opinions and advice the decision-makers rely. (Citations omitted)

*Dawson v. New York Life Ins. Co.,* 901 F.Supp. 1362, 1366 (N.D.Ill.1995). *See also, Consolidation Coal Co., v. Bucyrus–Erie Co.,* 89 Ill.2d 103, 119, 59 Ill.Dec. 666, 673, 432 N.E.2d 250, 257 (1982); *Greer Properties,*

*Inc. v. LaSalle Natl. Bank,* 1990 WL 70424 at \*1 (N.D.Ill.1990).

Arkwright, on the other hand, places the documents withheld from production into its own four categories: the first category includes documents withheld on the basis that they contain nothing other than legal advice; the second category contains documents which contain either requests for information or the relaying of information in connection with the provision of legal advice; the third category includes documents which contain Arkwright's counsel's account of meetings at which counsel for ConAgra was present; and the fourth category consists of the handwritten notes of the general counsel for Arkwright. (Def. Resp. at 2–3.)

In these circumstances, it is critical to note that "the burden is on the party opposing discovery to show that the attorney-client privilege applies, and mere conclusory statements will not suffice to meet that burden." *Allendale,* 152 F.R.D. at 139; *See United States v. White,* 950 F.2d 426, 430–31 (7th Cir.1991). "Legal advice or communications, standing alone, should not automatically receive protection. Instead, the party asserting the privilege must show that such advice relates to prior confidential client communications." *Ziemack v. Centel Corp.,* 1995 WL 314526 at \*4 (N.D.Ill.1995).

The claims of Arkwright that the documents at issue are privileged contain one serious defect: nowhere in its brief or privilege log is this court given enough information on which to decide whether the documents do in fact contain privileged information and to assess the applicability of the privilege. *See* Fed.R.Civ.P. 26(b)(5). Rather, Arkwright relies on conclusory assertions that the material reflects communications relating to the request for or the rendering of "legal advice" and therefore, they should be protected from discovery by the attorney-client privilege. (Def. Resp. at 4.) The privilege logs and list of documents broken down by category are similarly unhelpful. Arkwright's Response brief, for example, sets forth numerous documents that it conclusorily contends are privileged because they "contain communications relating to the request for or the

rendering of legal advice...[as well as] the transmission of information or a request for information in connection with the rendering of legal advice...." *Id.* However, without revealing privileged information, neither the privilege log nor respondent's brief sufficiently describe the nature of the documents or communications so as to enable this court to assess the applicability of the privilege. As Arkwright has failed to carry its burden to show that the documents should be protected by the attorney-client privilege, such privilege cannot protect any of the documents at issue from discovery.

### CONCLUSION

In view of the foregoing, Plaintiff's Renewed Motion to Compel is granted.[6] The respondent is ordered to produce the documents in issue to Plaintiff within 21 days.

---

**6.** In light of the court's ruling, it is not necessary to address Plaintiff's third argument, that Arkwright waived any claim of attorney-client privilege.